# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br><br>    DAVID ALLEN FRYE and<br>    ANGELA FAYE FRYE,<br><br>                   Debtors. | No. 04-23305<br>Chapter 7 |
| GLEN HATLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID ALLEN FRYE,<br><br>    Defendant. | Adv. Pro. No. 04-2063 |

## MEMORANDUM

APPEARANCES:

        BERLIN W. SKEEN, ESQ.
        622 E. Elk Avenue
        Elizabethton, Tennessee 37643
        *Attorney for Glenn Hatley*

        D. STEPHEN DUNCAN, ESQ.
        Post Office Box 1848
        Johnson City, Tennessee 37605-1848
        *Attorney for David Allen Frye*

**MARCIA PHILLIPS PARSONS**
**UNITED STATES BANKRUPTCY JUDGE**

In this adversary proceeding, the plaintiff seeks a determination that his state court restitution order against the debtor is nondischargeable under 11 U.S.C. § 523(a)(6). Presently pending before the court is the debtor's motion to dismiss for failure to state a claim and the plaintiff's motion to amend the complaint. For the reasons that follow, the debtor's motion will be denied and the plaintiff's motion granted. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

I.

On September 28, 2004, the debtors David and Angela Frye filed for relief under chapter 7 of the Bankruptcy Code. Thereafter, on December 27, 2004, plaintiff Glenn Hatley timely commenced this adversary proceeding, alleging that the debtor David Frey owed him restitution under a state court order for "a malicious act on the part of the Debtor" and that his restitution award is nondischargeable under § 523(a)(6) because the plaintiff "suffered a willful and malicious injury at the hands of the Debtor."

In response, the debtor filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the complaint fails to state a claim upon which relief can be granted and that it also fails to plead or establish, in accordance with Fed. R. Civ. P. 8(a) and Fed. R. Bankr. P. 7008, the jurisdiction of the court and whether the proceeding is core or non-core. In his memorandum in support of the motion to dismiss, the debtor acknowledges that there is a state court order requiring him to pay the plaintiff $11,000 in restitution arising from the debtor's guilty plea for assaulting the plaintiff, but contends that the guilty plea is insufficient to establish the maliciousness element of § 523(a)(6). Subsequent to the debtor's filing of the motion to dismiss, the plaintiff moved to amend his complaint to include a statement of jurisdiction and that the proceeding is core.

II.

Fed. R. Civ. P. 8(a), made applicable to adversary proceedings by Fed. R. Bankr. P. 7008, requires that a pleading for relief contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Additionally, Rule 7008 requires that a complaint contain "a statement that the proceeding is core or non-core."

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, as incorporated by Fed. R. Bankr. P. 7012(b), the court must construe the complaint in the light most favorable to the plaintiff, accept as true the factual allegations in the complaint, and determine whether the plaintiff undoubtedly could prove no set of facts in support of his claims that would entitle him to relief. *See Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993). A complaint need only give fair notice of what the plaintiff's complaint is and the grounds upon which it rests. *Id.*

III.

The court will first address the pleading requirements of Fed. R. Civ. P. 8(a) and Fed. R. Bankr. P. 7008. This court has previously held in the context of a notice of removal that the failure to make the core/non-core designation is not fatal. *See Kirk v. Hendon (In re Heinsohn)*, 231 B.R. 48, 54 (Bankr. E.D. Tenn. 1999) (The failure to state the proceeding's core/non-core status required by Fed. R. Civ. P. 9027(a)(1) is a technical defect that may be cured even after the time for removal has expired.). In reaching this conclusion, this court relied on numerous decisions which have held that the failure to plead in a complaint the proceeding's core/non-core status as required by Rule 7008 is not, standing alone, a sufficient basis to justify dismissal. *Id.* at 53. This conclusion is especially applicable in the present case

3

since "determinations as to the dischargeability of particular debts" are irrefutably core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I).

Similarly, the plaintiff's failure to set forth the basis for this court's jurisdiction does not establish cause to dismiss this adversary proceeding. Bankruptcy courts have jurisdiction over "cases under title 11" and "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a), (b), 157(a). The plaintiff's complaint alleges a cause of action "arising under" or, in other words, created by the Bankruptcy Code. Consequently, the plaintiff's complaint alleges a sufficient basis for this court's jurisdiction under § 1334(b). *See Carlson v. Att'y Registration & Disciplinary Comm'n of the Sup. Ct. of Ill. (In re Carlson),* 202 B.R. 946, 948 (Bankr. N.D. Ill. 1996) ("[I]t is not essential that a complaint set forth the statutory basis for a court's jurisdiction in order for a court to assume jurisdiction if the facts alleged provide a basis for assumption of jurisdiction.").

The case of *Gitlitz v. Soc'y Bank (In re Gitlitz)*, 127 B.R. 397 (Bankr. S.D. Ohio 1991), relied on by the debtor, is distinguishable from the present case because the court's jurisdiction in *Gitlitz* was unclear, unlike the instant case. *Id.* at 400-01 ("Congress clearly did not contemplate bankruptcy court involvement in reaffirmation agreements beyond the requirements set forth in § 524(c) and (d)."). Dismissal for the technical failure to meet the pleading requirements of Fed. R. Civ. P. 8(a) and Fed. R. Bankr. P. 7008, when this court clearly has jurisdiction over this core matter, is inappropriate. Accordingly, the plaintiff will be given the opportunity to correct the technical defects in the complaint as he has requested.

Turning to whether the plaintiff's complaint states a claim upon which relief can be granted, § 523(a)(6) excepts from discharge a debt arising out of "willful and malicious injury by the debtor to another entity or to the property of another entity." The complaint alleges that plaintiff "suffered a willful and malicious injury at the hands of the Debtor," resulting in an order of restitution against the debtor. This

allegation encompasses the elements of § 523(a)(6) and is sufficient to give the debtor fair notice of the plaintiff's claim, and albeit by inference, the grounds upon which it rests. *See In re DeLorean Motor Co.* at 1240. The debtor's reliance on this court's opinion in *Buck v. Thompson (In re Thompson)*, Adv. Pro. 01-2020, (Bankr. E.D. Tenn. Feb. 28, 2003), is misplaced. The *Thompson* plaintiff moved for summary judgment on a nondischargeability claim based on the alleged collateral estoppel effect of a criminal and civil judgment for assault against the debtor. Although this court found that the criminal conviction for assault did not *per se* establish the malice element of § 523(a)(6), thus precluding summary judgment, that finding did not mean that the plaintiff was precluded from introducing further evidence to prove malice. *See also Brown v. Felsen*, 442 U.S. 127, 138-39, 99 S. Ct. 2205, 2213 (1979) (holding that "the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt"). Consequently, the plaintiff in the present adversary is not limited solely to the restitution order and criminal conviction to prove his nondischargeability claim.

IV.

In accordance with the foregoing, the court will enter an order contemporaneously with the filing of this memorandum opinion denying the debtor's motion to dismiss this adversary proceeding and granting the plaintiff's motion to amend.

FILED: June 15, 2005

BY THE COURT

/s/ Marcia Phillips Parsons

_____

MARCIA PHILLIPS PARSONS
UNITED STATES BANKRUPTCY JUDGE